UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE ADAME,<br><br>   Plaintiff,<br><br>  v.<br><br>F. MARISCAL, et al.,<br><br>   Defendants. | Case No.: 1:14-cv-01596-SAB (PC)<br><br>ORDER VACATING TRIAL DATES, DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO COMPLY WITH THE SCHEDULING ORDER AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>[ECF Nos. 29, 33] |

  Plaintiff Jesse Adame is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**BACKGROUND**

  Plaintiff Jesse Adame, a former state prisoner proceeding pro, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 14, 2014. This case is set for jury trial on November 1, 2016, on Plaintiff's claims for excessive force against Defendants Vallejo and Mariscal.

  Plaintiff's pretrial statement was due on or before August 25, 2016, but he failed to file one, and he has not filed a response to the order to show cause filed on September 6, 2016.

///

///

///

1

## II.

## FAILURE TO COMPLY WITH COURT ORDER

On May 13, 2016, the Court issued a scheduling order requiring Plaintiff to file a pretrial statement on or before August 12, 2016. Plaintiff failed to file a pretrial statement; therefore, on August 18, 2016, the Court directed Plaintiff to file his pretrial statement on or before August 25, 2016. Plaintiff failed to file a pretrial statement, and failed to appear for the telephonic pretrial conference held on September 2, 2016. Thus, on September 6, 2016, the Court ordered Plaintiff to show cause within fourteen days why the action should not be dismissed, with prejudice, for failure to prosecute the action. (ECF No. 33.) Plaintiff was warned that the failure to respond to the order would result in dismissal of this action, with prejudice. More than fourteen days have passed and Plaintiff has not filed a response to the order.

The failure to obey a scheduling order is grounds for the imposition of sanctions. Fed. R. Civ. P. 16(f)(1)(C). The Court's order to show cause warned Plaintiff that the failure to respond to the order would result in dismissal. (ECF No. 33.)

A scheduling order is not a frivolous piece of paper, idly entered. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) (quotation marks and citation omitted). Parties are required to exercise due diligence, Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (citing Johnson, 975 F.2d at 609), and the Court finds that Plaintiff's failure to file a pretrial statement and failure to respond to the order to show cause warrant the imposition of sanctions.

## III.

## DISMISSAL AS A SANCTION

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

sanctions. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (quotation marks and citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. In re PPA, 460 F.3d at 1226 (citation omitted).

This case has been pending since 2014, and it is set for jury trial in less than two months. The expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. Id. at 1227. This action has been pending for almost two years, and Plaintiff had ample time to begin trial preparation and comply with the scheduling order. Id. The Court has an extremely heavy caseload, and when litigants disregard orders of the court and deadlines, the Court's ability to manage its docket and guide cases toward resolution is significantly compromised. Id.

As for the risk of prejudice, while the mere pendency of an action does not constitute prejudice, the impairment of Defendants' ability to proceed to trial is prejudicial. Id. at 1227-28 (quotation marks omitted).

Regarding the fourth factor, while public policy favors disposition on the merits and therefore weighs against dismissal, it is Plaintiff's own conduct which is at issue here and which has stalled the case. Id. at 1228.

Finally, there are no alternative sanctions which are satisfactory. A monetary sanction has little to no benefit in a case in which Plaintiff has ceased responding to the Court's orders. In addition, Plaintiff is a former state prisoner and ceased communication with the Court and defense counsel. (ECF No. 33.)

Discovery is closed and the deadline for filing pretrial motions has passed, rendering unavailable the Court's ability to impose any limitations on Plaintiff in those areas as a sanction. Lastly, the preclusion of evidence or witnesses is not an available sanction given that Plaintiff failed to identify any exhibits or provide a witness list via a pretrial statement. See Local Rule 281(b)(10),(11).

In conclusion, the Court finds that dismissal is warranted given the procedural posture of this case, Plaintiff's failure to comply with the pretrial scheduling order, and the unavailability of satisfactory alternative sanctions. In re PPA, 460 F.3d at 1228-29.

### IV.
### ORDER

For the reasons set forth herein, it is HEREBY ORDERED that:

1. The telephonic motions in limine hearing set for October 17, 2016, at 10:00 a.m. and jury trial set for November 1, 2016, at 8:30 a.m. are VACATED;

2. This action is dismissed, with prejudice, based on Plaintiff's failure to file a pretrial statement in compliance with the scheduling order; and

3. The Clerk of the Court is directed to terminate this action.

IT IS SO ORDERED.

Dated: **September 21, 2016**

UNITED STATES MAGISTRATE JUDGE